UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Salvatore DiMercurio

      K. Jin Lim, Trustee,
            Appellant,          Case No.: 12-12539

v.                               Honorable Sean F. Cox
      Salvatore DiMercurio, Debtor,
            Appellee.

_____/

## OPINION & ORDER GRANTING DiMERCURIO'S MOTION TO DISMISS

### INTRODUCTION

This action is an appeal from a bankruptcy court's final order.  The parties disagree as to whether the Trustee timely filed her Notice of Appeal.  Salvatore DiMercurio ("the Debtor") filed his Motion to Dismiss asserting that the Trustee untimely appealed from the Order Denying Trustee's Motion to Defer Deadline to File § 727 Complaint, ("Order Denying the Motion to Defer").  Thereafter, the Trustee filed an amendment to her Statement of Issues on Appeal, asserting that she timely appealed from the Order of Discharge.  In response, the Debtor filed a Motion to Strike the amendment.  For the reasons that follow, this Court GRANTS DiMercurio's Motion to Dismiss and holds that DiMercurio's Motion to Strike is MOOT.

### BACKGROUND

Kim Jin Lim, ("the Trustee"), is the duly appointed trustee of the Debtor's bankruptcy estate. (Docket Entry No. 9, Ex. 1, at 1, ¶ 2.)  Prior to filing his Petition for Bankruptcy on September 28, 2011, the Trustee alleges that the Debtor fraudulently transferred assets including shares of stock, real property and cash to certain members of his family and companies that the Debtor either

controls or has interests therein. (*Id.* at 4–8, ¶¶ 32–68.)

By a stipulated order, the deadline for filing a motion or complaint objecting to the Debtor's discharge from the bankruptcy proceeding, (hereinafter referred to collectively as a "727 complaint"), was February 6, 2012.   (Docket Entry No. 4, at 1, ¶ 4.)  Instead of filing a 727 complaint in the Bankruptcy Court, the Trustee filed a Complaint in the District Court on the deadline date, naming various individuals, including the Debtor, certain members of the Debtor's family and other corporate entities that the Debtor controls or has interest in, as Defendants. (Docket Entry No. 9, Ex. 1, at 11–15, ¶¶ 81–93.) The Complaint asked for damages for or rescission of the alleged fraudulent transfers made by the Debtor in favor of the Defendants. (*Id.*) The Trustee also sought joinder of the claims asserted in the bankruptcy action pursuant to Federal Rules of Civil Procedure 18 and 19 because the causes of action stated in the Complaint contain "core" claims, claims arising under Title 11, and claims related to the bankruptcy case. (*Id.* at 1, ¶ 1.) The Complaint also prayed for the denial of the Debtor's discharge in the Bankruptcy Court's proceeding. (*Id.* at 15, ¶¶ 92–93.)

Concurrent with the filing of the Complaint in the District Court, the Trustee also filed a motion in the Bankruptcy Court, seeking to defer the deadline for filing the 727 complaint until the adjudication of the lawsuit in the District Court, (hereinafter that motion shall be referred to as "the Motion to Defer"). (Docket No. 9, Ex. 2, at 2, l. 8–15.) After the Bankruptcy Court held a hearing to address this matter on April 17, 2012, it entered the Order Denying the Motion to Defer on April 18, 2010, holding that the Trustee missed the deadline to file the 727 complaint and was henceforth time-barred from filing a 727 complaint in the Bankruptcy Court. (*Id.* at Ex. 3.) The Bankruptcy Court entered its Order of Discharge on May 4, 2012. (*Id.* at Ex. 4.)

The Trustee thereafter filed its Notice of Appeal on May 11, 2012, and the Statement of Issues on Appeal on June 5, 2012, asserting that she was appealing from the denial of her Motion to Defer represented in the Order Denying the Motion to Defer, which she contends became a final order when the Order of Discharge was filed.  (Docket No. 1, at 3, 8.)  Thereafter, the Debtor filed his Statement of Issues on Appeal on June 11, 2012, asserting that this Court lacks jurisdiction to hear the appeal because the Trustee is time-barred from appealing from the Order Denying the Motion to Defer, which was entered more than fourteen days prior to the filing of the Notice of Appeal contrary to Federal Rules of Bankruptcy Procedure 8002(a), which states that the appellant shall file his or her notice of appeal within 14 days of the date of the entry of a final order.  (*Id.* at 10.)  On or around June 13, 2012, the Trustee filed her Amended Statement of Issues on Appeal. (Docket No. 6.)

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's findings of fact under a clear error standard.  *In re Baker & Getty Fin. Servs., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997).  A factual finding is clearly erroneous when "the reviewing court . . . is left with a definite and firm conviction that a mistake has been committed."  *United States v. Ayen*, 997 F.2d 1150, 1152 (6th Cir. 1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 541 (1948)).  The Court reviews the bankruptcy court's conclusions of law under a de novo standard.  *In re Baker & Getty*, 106 F.3d at 1259.

## ANALYSIS

A.    The Notice of Appeal Was Not Timely Filed

The Debtor contends that this Court lacks jurisdiction because the Trustee's appeal from the

3

Order Denying the Motion to Defer was untimely pursuant to Federal Rules of Bankruptcy Procedure 8002(a). (Docket No. 4, at 16–21.) The Trustee contends that she timely appeals from the Order of Discharge, not the Order Denying Trustee's Motion to Defer, which is effectively shown in her Notice of Appeal and in her Amended Statement of the Issues on Appeal. (Docket No. 9, at 11–12.) She further points out that the Debtor's suggestion that she is appealing from the Order Denying the Motion to Defer is absurd because that was an interlocutory order that did not become final until the Bankruptcy Court entered its Order of Discharge. (*Id*.)

Federal Rules of Bankruptcy Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." The district courts have jurisdiction to hear appeals "from [the] final . . . orders . . . [of bankruptcy judges.]" 28 U.S.C. § 158(a)(1). For the purpose of a bankruptcy appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Schramm*, 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989)). There are three factors to consider when deciding the finality of a bankruptcy order:

> (1) the extent order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.

*In re Olson*, 730 F.2d 1109, 1109 (8th Cir. 1984).

Both parties agree that the Trustee is time-barred from appealing the Order Denying the Motion to Defer pursuant to Federal Rules of Bankruptcy Procedure 8002(a). Therefore, the only issue that must be resolved with regard to the Debtor's Motion to Dismiss is whether the Trustee timely appealed from the Order of Discharge.

4

The Notice of Appeal states that the Trustee "appeals under 28 U.S.C. § 158(a) from the Order Denying Trustee's Motion to defer Deadline to File 727 Complaint (Docket 53) which became a final order upon the Court's entry of Order Discharging Debtor (Docket 54)." (Docket No. 1, at 3.) The Trustee's Statement of Issues on Appeal reiterates that this appeal is based on determining whether "the Bankruptcy Court err[ed when it denied] the Trustee's Motion to Extend Objection Deadline to File § 727 Complaint where the Trustee had timely filed suit against Debtor for denial of discharge in the federal district court in an action which joined additional claims (and parties) based in part on common facts?" (Docket No. 1, at 8.) In the Amended Statement of Issues on Appeal, the Trustee seemingly reverses course and states that the issue on appeal is whether "the Bankruptcy Court [erred] in entering an Order of Discharge pursuant to § 727 where the Trustee had timely filed suit against Debtor for denial of discharge in the Federal District Court in an action which joined additional claims (and parties) based in part on common fact?" (Docket No. 6.) Generally, an issue that is not specifically listed in a statement of issues to be presented on appeal, and that cannot be inferred from the issues that are listed, is deemed to be waived and should not be considered on appeal. *See In re Freeman*, 956 F.2d 252, 255 (11th Cir. 1992). Here, it can be inferred from the filings that the Trustee appeals from the denial of her Motion to Defer, which she assumed was "finalized" by the Order of Discharge, not the Order Denying the Motion to Defer.

Although denials of motions are typically not properly appealable, a more liberal standard is generally employed in the context of bankruptcy cases. *See e.g.*, *In re Hess*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997) (holding that an order denying a motion for an extension of time to file an appeal was a final order); *In re Bekhor*, 2007 WL 7532283, *4 (B.A.P. 9th Cir. 2007) (holding in a disposition memoranda that is merely persuasive authority that the denial of a motion to amend

5

the complaint was a final order for the purposes of an appeal); *In re DPH Holdings Corp.*, 434 B.R. 77, 81, 83 (S.D.N.Y. 2010) (holding that an order denying a request to file a late claim was a final appealable order). *In re Olson's* three factors weigh heavily in favor of classifying the Order Denying the Motion to Defer as a final appealable order from which the Trustee should have appealed in order to challenge the denial of her Motion to Defer. First, when the Bankruptcy Court entered the Order Denying the Motion to Defer, there was nothing more for it to do than to issue the Order of Discharge. There were no pending motions or orders that would frustrate the entrance of the Order of Discharge because the issue of whether the Trustee may file a 727 complaint objecting to the entrance of a discharge order was already resolved. Federal Rules of Bankruptcy Procedure 4004(c)(1)(B) and (E) state that the Bankruptcy Court was required to enter the Order of Discharge unless a complaint objecting to the discharge was filed and had not been decided in the debtor's favor or a motion to extend the time for filing a complaint objecting to the discharge was pending.

Second, a delay in obtaining review from the Order Denying the Motion to Defer would prevent the Trustee from obtaining the effective relief. The Order Denying Trustee's Motion to Defer denied the Motion to Defer, and ordered that the Trustee was time-barred from filing a 727 complaint objecting to Debtor's discharge. (Docket No. 9, at Ex. 3.) On the other hand, the Order of Discharge granted Debtor a discharge pursuant to 11 U.S.C. § 727, effectively prohibiting creditors from collecting any debt subject to that order. (*Id*. at Ex. 4.) The Order of Discharge makes no mention of the Motion to Defer or the Order Denying the Motion to Defer because the issue whether Trustee is time-barred from filing a 727 complaint was resolved in the Order Denying the Motion to Defer, not in the Order of Discharge. (*Id*.)

Third, a reversal of the Order Denying the Motion to Defer would effectively require the

6

reversal of the entire proceeding.  Discharge orders prohibit creditors from collecting a discharged debt from the debtor.  When a discharge order is entered, only the issue of how much money the Debtor's bankruptcy estate owes to each of his creditors remains.  In this regard, orders of discharge represent the last step in a bankruptcy case, much like an order granting summary judgment in favor of the plaintiff in a contract action where the only issue remaining is the amount damages due to the plaintiff.  A reversal of the Order Denying the Motion to Defer would extend the deadline for the Trustee to file her 727 complaint, so that she could initiate a proceeding challenging the debtor's discharge in Bankruptcy Court, meaning that the issue of how much money the bankruptcy estate owes each creditor would not be the only issue remaining. Therefore, the Order Denying the Motion to Defer is a final order from which the Trustee appeals.  Because the Trustee filed her Notice of Appeal more than 14 days after the Order Denying the Motion to Defer was filed, which was a final order, the Court grants the Debtor's Motion to Dismiss.

B.      The Debtor's Motion to Strike Is Moot

        The Debtor moved to strike the Amended Statement of the Issues on Appeal because it was filed more than three weeks after the deadline for the submission of the Statement of Issues on Appeal expired.  (Docket No. 14.)  Because this Court lacks jurisdiction with regard to this appeal, the Debtor's Motion to Strike is moot.

CONCLUSION AND ORDER

        For the reasons stated above, **IT IS HEREBY ORDERED** that the Debtor's Motion to

7

Dismiss is **GRANTED** and this action is **DISMISSED**.

   **IT IS SO ORDERED.**

       S/Sean F. Cox
       Sean F. Cox
       United States District Judge

Dated:  October 2, 2012


   I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2012, by electronic and/or ordinary mail.

       S/Jennifer McCoy
       Case Manager